UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CORTEZ JAVAN ROGERS,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF HOBART, INDIANA,<br>HOBART POLICE DEPARTMENT,<br><br>Defendants. | Case No. 19-cv-04815 |

## COMPLAINT

1. This is a lawsuit for false imprisonment, invasion of privacy, and false light.

2. Plaintiff Cortez Javan Rogers is a Chicago resident who was wrongfully deprived of his freedom and liberty for nearly two days, incarcerated in Cook County Jail, became the subject of unwelcome publicity highlighting his having been charged with felony intimidation of a witness, and now has a record of having been arrested as a fugitive from justice, because a Hobart, IN police sergeant created sworn statements falsely accusing Plaintiff of acting in concert with another person to threaten to kill an Indiana resident.

3. Plaintiff has never set foot in Indiana and never should have been subjected to these life-altering events.

## PARTIES

4. Plaintiff Cortez Javan Rogers resides in Chicago, Illinois and is a citizen of Illinois. He is employed as a security guard in Chicago. He is 26 years of age.

5. Defendant Hobart Police Department is, upon information and belief, the employer of Hobart Police Sergeant Rod Gonzalez. The Hobart Police Department ("Hobart PD") is an agency of the municipality of Hobart, Indiana.

6. In the alternative and in addition, Defendant the City of Hobart, Indiana is the employer of Hobart Police Sergeant Rod Gonzalez. Hobart, Indiana is a municipality within the State of Indiana.

## JURISDICTION AND VENUE

7. The Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff is a citizen of a different State from each Defendant, and more than $75,000 is in controversy.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to Plaintiff's claims occurred in this District, including Plaintiff's arrest and incarceration.

## FACTUAL ALLEGATIONS

9. On the evening of March 13, 2019, a confidential informant to an Indiana-based murder investigation, Nicholas Degard, complained to police in Hobart, Indiana that he had been threatened by individuals who followed him in a car.

10. Rod P. Gonzalez is a sergeant with the Hobart Police Department ("Hobart PD"). Mr. Gonzalez has worked in and for Hobart, as a police officer, since 1990. Upon information and belief, Mr. Gonzalez served as Hobart PD Police Chief for a period of several years, until March 19, 2010. After March 19, 2010, he remained a Hobart police officer, with the rank of Sergeant. Sergeant Gonzalez was assigned to investigate Degard's complaint.

2

11. On March 25, 2019, Sergeant Gonzalez, acting in the course of his job duties, signed a probable cause affidavit that was filed with Lake Superior Court in Crown Point, Indiana. The affidavit contained a case caption of

> State of Indiana
>
> v.
>
> Cortez Rogers
> DOB: 11/19/1992

12. Upon information and belief, there is only one person in the United States named Cortez Rogers with date of birth Nov. 19, 1992, and that is Plaintiff.

13. In the probable cause affidavit, Sergeant Gonzalez alleged, under oath, that Plaintiff "follow[ed]" Mr. Degard within the State of Indiana, in a motor vehicle, within the vicinity of 7915 37th Ave., Hobart, Indiana, and further, that Plaintiff "threatened" Mr. Degard, also from a motor vehicle traveling within the State of Indiana. Sergeant Gonzalez signed that affidavit subject to penalties of perjury.

14. Plaintiff has never followed or threatened a Nicholas Degard. He does not know Nicholas Degard, nor does he know who that person is. Plaintiff has never set foot within the state of Indiana.

15. Sergeant Gonzalez also alleged under oath in the affidavit that Plaintiff, while in in Hobart, Indiana, "acted in concert" with another individual who threatened to "kill" the Indiana complaining witness.

16. Plaintiff has never acted in concert with anyone to threaten to kill Nicholas Degard.

17. Also on March 25, 2019, Sergeant Gonzalez, acting in the course of his job duties, signed an Information that was filed that date in Lake Superior Court. In the Information, Sergeant Gonzalez stated that Plaintiff "did communicate a threat to another person, Nicholas K. Degard,

with intent that the other person be placed in fear of retaliation for a prior lawful act, and that threat was to commit a forcible felony, contrary to section 35-45-2-1(a)(2), (b)(1)(A) of the Indiana Code, and against the peace and dignity of the State of Indiana." Sergeant Gonzalez signed that Information subject to penalties of perjury.

18. Sergeant Gonzalez, a 29-year police veteran and former chief of police, was aware that the State of Indiana intended to file the probable cause affidavit he had signed with Lake County Superior Court. Sergeant Gonzalez signed the probable cause affidavit in the presence of Deputy Prosecutor Timothy Brown, who stated (in witnessing Sergeant Gonzalez' signature) on the face of the affidavit, "Subscribed and sworn to before me and approved for prosecution on [March 25, 2019]."

19. Sergeant Gonzalez was aware that the State of Indiana intended to file the Information he had signed with Lake County Superior Court. Sergeant Gonzalez signed the information in the presence of Deputy Prosecutor Timothy Brown. Mr. Brown stated (in witnessing Sergeant Gonzalez' signature) on the face of the Information: "Subscribed and sworn to before me and approved for prosecution on [March 25, 2019]."

20. Sergeant Gonzalez's signing of a probable cause affidavit, and information, caused Lake Superior Court Magistrate Judge Kathleen Sullivan to issue an arrest warrant in Plaintiff's name on March 25, 2019.

21. Sergeant Gonzalez was aware that a person named Cortez Rogers, born on Nov. 19, 1992, stood to be incarcerated in a prison for an indeterminate period as a result of his sworn information taken together with his probable cause affidavit. Gonzalez did know and intend that, on the basis of his sworn information and probable cause affidavit, upon the issuance of an arrest warrant for Cortez Rogers, born on Nov. 19, 1992, that same person (Mr. Rogers) would be

incarcerated if he were to come into contact with a law enforcement official who had knowledge or awareness of the same arrest warrant.

22. Sergeant Gonzalez acted with wanton disregard for the rights of Plaintiff.

**NEWS MEDIA ACCOUNTS REPORTING THAT PLAINTIFF HAD BEEN CHARGED FOR MAKING THREATS**

23. As one consequence of Sergeant Gonzalez' actions, the Post-Tribune of Northwest Indiana ran an article highlighting the fact of Plaintiff being charged with a felony. The article was published on April 2, 2019 and included a photo of Plaintiff. That article stated:

> **Sons of man charged in Valparaiso teen's murder accused of intimidating informant**
>
> The sons of one of the people charged in a Griffith homicide reportedly threatened an informant in the case, court records show.
>
> Brothers Cortez Rogers, 26, and Cezar J. Rogers, 22, both from Merrillville, were each charged March 25 in Lake Superior Court with intimidation, a level 6 felony.[1]

24. There may have been other similar such news accounts reporting the charging event.

25. The Post-Tribune of Northwest Indiana is owned by the Chicago Tribune. Plaintiff's photo remains viewable on-line to members of the general public on the Chicago Tribune website as of July 12, 2019, immediately adjacent to the headline "Sons of man charged in Valparaiso teen's murder accused of intimidating informant."

26. As Mr. Rogers works in the security industry, the fact of the publication of the Post-Tribune article, potentially among other similar such published articles, threatens to significantly and facially impair Plaintiff's long-term employment prospects, *inter alia*, in the event he were to

---

[1] The article's reporting of Plaintiff as hailing from "Merrillville[, Indiana]" was incorrect.

elect to leave his current employer for any reason, or if his current employment involuntarily ceased for any reason.

**PLAINTIFF'S ARREST AND CONFINEMENT**

27. At roughly 12:30 A.M. on Tuesday, April 2, 2019, Mr. Rogers was stopped in Chicago, IL while riding in a vehicle as a passenger with his fiancée and a friend. A Chicago police officer subjected Plaintiff to questioning. The officer advised Plaintiff that there existed a warrant for his arrest.

28. The officer then handcuffed Plaintiff and placed him under arrest, placed him in the back of his squad car, and transported him to the Cook County jail at 2700 South California Avenue in Chicago.

29. Plaintiff was processed at Cook County Jail, and his mug shot was taken.

30. Late in the morning of April 2, 2019, Plaintiff was taken to Cook County Circuit Court. He was transported there in a wagon while wearing handcuffs. He was assigned a public defender. Plaintiff tried without success to explain his situation to his newly assigned counsel, and obtain his release in Court, but was remanded by the Judge to custody. Plaintiff was denied bail.

31. Plaintiff was then returned to Cook County Jail by jail personnel, again wearing handcuffs, and again traveling between court and the jail facility in a wagon.

32. After confinement for roughly 16 hours in the general prison population, at approximately 4:00 PM on April 2, 2019, a senior Chicago police officer and/or jail official wearing a white-collared shirt (upon information and belief, a police sergeant) entered and advised Plaintiff that he was to be transferred to "protective custody." "That's where we keep the snitches and queers," the police sergeant advised Plaintiff.

33. Cook County Jail has been labeled "one of the most dangerous in the country" by leading prison expert Jeffrey A. Schwartz. *See* Steve Schmadeke, "Expert: Cook County Jail one of the most dangerous in country," Chicago Tribune (Oct. 9, 2014), *available at* https://www.chicagotribune.com/news/ct-cook-jail-violence-met-20141008-story.html. This same expert testified that the "protective custody" unit at Cook County Jail "can actually be more dangerous than the jail's general population areas." *Id.*

34. For the entirety of his ordeal, Mr. Rogers could not know when the ordeal would end nor how long he would be separated from his family, whether he had lost his job while incarcerated, nor attend to any aspect of his personal or professional life. He missed a scheduled job shift, and as such, was extremely fearful while incarcerated that he may have lost his job due to his employer's policies regarding absences.

**INDIANA'S ACKNOWLEDGEMENT THAT PLAINTIFF HAD BEEN INCORRECTLY "CHARGED" IN THE INDIANA CRIMINAL CASE**

35. More than one full day after Plaintiff's incarceration, during business hours on April 3, 2019, the State of Indiana filed a Motion to Correct Incorrect Warrant Information with Lake County Superior Court. That motion stated, in part:

"1) CORTEZ ROGERS DOB 11/19/1992 [Plaintiff] was charged in the above cause.

2) The correct DOB for Cortez Rogers is 10/23/2000…"

36. The Cortez Rogers cited in the State of Indiana's April 3, 2019 Motion to Correct Incorrect Warrant Information (DOB 10/23/2000) has a different middle name as compared to Plaintiff.

37. As of April 12, 2019, a search on the Indiana court docket database using Plaintiff's name and date of birth returned the Indiana criminal docket proceeding, *State of Indiana v. Cortez Rogers*, 45G02-1903-F6-000662 (in which Plaintiff was charged), as a search result.

**PLAINTIFF'S RELEASE FROM CUSTODY**

38. On the evening of April 3, 2019, at roughly 6:00 PM, Plaintiff was released from custody at Cook County Jail.

39. That same day, in reference to Plaintiff's wrongful incarceration, Hobart police Capt. James Gonzalez told a reporter: "I'm currently conducting an internal audit of the case and searching where the error occurred."

**COUNT I: FALSE IMPRISONMENT (ILLINOIS LAW)**

40. The preceding allegations are incorporated herein by reference.

41. Sergeant Rod Gonzalez, by signing the above-noted sworn information and probable cause affidavit, did act intending to confine Cortez Rogers, date of birth Nov. 19, 1992, within affixed boundaries, and to wit, a prison.

42. Sergeant Gonzalez' actions in signing the sworn information and probable cause affidavit, with the content set forth therein, did result in Mr. Rogers being confined against his will from roughly 12:30 AM on April 2, 2019 until roughly 6:00 PM on April 3, 2019. He remained in Cook County Jail for this entire period, save for the brief interlude described above when Plaintiff appeared in Cook County Circuit Court for hearing. Plaintiff was still confined against his will during such hearing, as he was in the custody of sheriff's deputies.

43. Sergeant Gonzalez undertook the actions described herein within the scope of his employment. Defendants are responsible under the doctrine of *respondeat superior* for the actions described herein of Sergeant Gonzalez.

44. Plaintiff was at all times conscious of his confinement.

45. Plaintiff was harmed by his confinement. *Inter alia*, Plaintiff suffered significant embarrassment, humiliation, fear, and emotional distress.

### COUNT II: INVASION OF PRIVACY (ILLINOIS LAW)

46. The preceding allegations are incorporated herein by reference.

47. In addition to the foregoing allegations and harms, Plaintiff was photographed against his will and without his consent by Cook County Sheriff's personnel, upon being booked, immediately after his wrongful arrest. Plaintiff did not willfully consent to the taking of the photo, and would not otherwise have volunteered for the taking of such photo but for his wrongful imprisonment.

48. Sergeant Gonzalez did intentionally intrude, physically or otherwise, upon the solitude and seclusion of Plaintiff.

49. The intrusion is, and was, highly offensive to a reasonable person.

50. Sergeant Gonzalez undertook the actions described herein within the scope of his employment. Defendants are responsible under the doctrine of *respondeat superior* for the actions described herein of Sergeant Gonzalez. Defendants are liable for the invasion of Plaintiff's privacy.

### COUNT III: FALSE LIGHT (ILLINOIS LAW)

51. The preceding allegations are incorporated herein by reference.

52. In addition to the foregoing allegations, as a consequence of the conduct described above, Plaintiff now has a criminal record for arrest in Illinois as a "fugitive from justice" (725 ILCS 225/13).

53. Plaintiff has begun taking steps to obtain expungement of his arrest record in Illinois as a "fugitive from justice," and has incurred expenses imposed by the City of Chicago to obtain those records that are a required prerequisite for obtaining such an expungement. Plaintiff was required to be fingerprinted in June 2019 as part of this process of obtaining records required for expungement in Cook County.

54. Plaintiff, with assistance from counsel, has begun the process of assessing which third party private databases that compile background information (which are often consulted and accessed by potential employers) may have acquired, for purposes of subsequent re-dissemination to members of the public, Plaintiff's record of arrest as a "fugitive from justice."

55. Sergeant Gonzalez acted with reckless disregard to Plaintiff.

56. Sergeant Gonzalez placed Plaintiff before the public in a false light in a manner that was highly offensive to a reasonable person.

57. Plaintiff has been harmed by being placed in a false light. *Inter alia*, Plaintiff has suffered significant embarrassment, fear, emotional distress, and incurred expense. Plaintiff's damages include future lost earnings.

58. Sergeant Gonzalez undertook the actions described herein within the scope of his employment. Defendants are responsible under the doctrine of *respondeat superior* for the actions described herein of Sergeant Gonzalez. Defendants are liable for placing Plaintiff in a false light.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff does hereby request that the Court order Defendants to pay Plaintiff:

- a compensatory damage award of $1.4 million;
- an award of pre-judgment interest;
- an award of attorneys' fees;
- an award of punitive damages;
- an award of litigation costs;

and an award of such other relief as the Court should consider necessary and proper.

**JURY TRIAL DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands trial by jury for all of the issues pled so triable.

Respectfully submitted,

/s/
W. Clifton Holmes
The Holmes Law Group, Ltd.
350 N. Orleans St.
Suite 9000N
Chicago, IL 60654
holmes@theholmeslawgroup.com
(312) 721-0779 (t)
Counsel for Plaintiff Cortez Javan Rogers

July 17, 2019